1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

```
_____
                                     )
SOUND EXPERIENCE,                    )
                                     )   Case No. C10-0290RSL
                  Plaintiff,         )
      v.                             )
                                     )   ORDER DENYING DEFENDANT'S
BRIAN N. SNYDER,                     )   MOTION FOR DISMISSAL AND
                                     )   AND GRANTING PLAINTIFF'S
                  Defendant.         )   CROSS-MOTION FOR SUMMARY
_____)   JUDGMENT
```

This matter comes before the Court on defendant's "Motion for Dismissal" (Dkt. # 7) and plaintiff's "Cross-Motion for Summary Judgment" (Dkt. # 10). No response to the cross-motion has been filed. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

(1) Pursuant to Local Civil Rule 7(b)(2), defendant's failure to file papers in opposition to plaintiff's cross-motion may be "considered by the Court an admission that the motion has merit." Summary judgment in defendant's favor is therefore appropriate on that ground.

(2) In addition, the maritime lien procedure under which defendant claims a right of recovery against the vessel The ADVENTURESS expressly provides that "[a] notice of claim of lien recorded under subsection (b) of this section shall expire 3 years after the date the lien was established, as such date is stated in the notice under subsection (a) of this section." 46 U.S.C. § 31343(e). In the case of a collision, a maritime lien is created as soon as the collision takes place. The JOHN. G. STEVENS, 170 U.S. 113, 122 (1898), superseded on other grounds,

ORDER DENYING DEFENDANT'S MOTION
FOR DISMISSAL AND GRANTING PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT

McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 343 (1991).  The notice of claim of lien filed by defendant under 46 U.S.C. § 31343(a) states that the collision occurred and the claim arose on May 20, 2006.  Three years having passed since that date, the lien is no longer actionable.

For all of the foregoing reasons, defendant's motion to dismiss is DENIED and plaintiff's motion for summary judgment is GRANTED.  The ADVENTURESS is not subject to the lien filed on March 20, 2008, because it has been discharged by operation of law.  The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendant.

Dated this 9th day of August, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR DISMISSAL AND GRANTING PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT     -2-